NOT FOR PUBLICATION                    [Docket Nos. 18, 20]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| PROFESSIONAL BENEFIT CONSULTANTS, INC., NATIONAL ALLIANCE OF ASSOCIATIONS<br><br>        Plaintiffs,<br><br>    v.<br><br>CLAIMS AND BENEFIT MANAGEMENT, INC., NATIONAL ALLIANCE OF BENEFITS SERVICES ASSOCIATION, and PAYLOGIX, LLC,<br><br>        Defendants. | Civil No. 10-4962 RMB/AMD<br><br>**OPINION** |

     This Court previously dismissed Plaintiffs' Complaint for failure to satisfy the demands of Twombly/Iqbal. It provided Plaintiffs with an opportunity to replead, but cautioned Plaintiffs that they would need to provide more than "[l]egal conclusions" and would instead need "factual detail" in support. Plaintiffs have now submitted an Amended Complaint (the "Amended Complaint"), which Defendants have moved to dismiss.  Because the Amended Complaint is similarly dominated by conclusory allegation, and devoid of factual substantiation, that motion is GRANTED without prejudice.

I.   Background[1]

Plaintiff National Alliance of Associations ("National Alliance") is a membership organization that provides its members with cost savings products and services, including limited medical insurance programs. National Alliance contracted with co-Plaintiff Professional Benefit Consultants, Inc. ("Professional Benefit") for Professional Benefit to provide it with sales, marketing, and administrative services.

In August 2007, National Alliance entered into an agreement with Defendant Claims and Benefit Management, Inc. ("Claims & Benefit") to obtain limited medical benefits for its members. Two months later, in October 2007, the principal officer and shareholder of Claims & Benefit formed National Alliance of Benefits Service Association ("NABSA") to compete with National Alliance.

From May 2005 until December 2007, Defendant Paylogix LLC ("Paylogix") provided billing, reporting, and remittance service for Professional Benefit, for which Paylogix received a per transaction fee. Paylogix also provided Professional Benefit with a secured, password protected web portal for the purpose of processing new and recurring monthly payments of National Alliance members. Those payments, according to Plaintiffs, were

---

[1]   The allegations contained in the Amended Complaint are accepted as true for purposes of the motions to dismiss.

posted with the descriptive tag "PBC Insurance 856-374-8665" on customers' bank statements. According to Plaintiffs, this was problematic because it created the false impression that Professional Benefit was an insurance company.

In December 2007, however, Paylogix blocked access to the web portal and transferred approximately 7,500 members of National Alliance to NABSA, both without notice or explanation to Plaintiffs. Plaintiffs claim that this transfer "converted the members" "for the purpose of [all of the] defendants [sic] unjust enrichment." Plaintiffs also claim that, due to Defendants' refusal to honor refund requests made by the former members of the National Alliance following the transfer, Plaintiffs were forced to pay these refunds and were damaged in an amount over $350,000.

II. Standard

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n.27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S.Ct. at 1949).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an   entitlement for relief.

<u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010)(quotations and citations omitted); <u>see</u> <u>also</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009)(" . . . [A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

III. <u>Analysis</u>

Defendants have construed Plaintiffs' Amended Complaint, which does not list specific counts or claims, as asserting claims for breach of contract, conversion, and unjust enrichment.  Because Plaintiffs take no issue with that characterization, and, in fact, have adopted it in opposing dismissal of this action, this Court will similarly construe the Amended Complaint. On all three claims, Plaintiffs have failed to present sufficient factual material, accepted as true, to state a plausible claim for relief as required.

A.   Breach of Contract

To assert a claim of breach of contract under New Jersey law[2], a plaintiff must demonstrate that the parties entered into a valid contract, that the plaintiff honored his own obligations under the contract, that the defendant failed to perform his obligations under the contract, and that the plaintiff sustained damages as a result.  DeHart v. U.S. Bank, N.A. ND, No. 10-5869, 2011 WL 3651270, at *7 (D.N.J. Aug. 18, 2011).

With respect to Defendant NABSA, Plaintiffs have failed to present any factual allegations suggesting a contractual relationship between NABSA and Plaintiffs.  With respect to Defendants Paylogix and Claims & Benefit, Plaintiffs were required, and failed, to offer any factual allegations of how these Defendants' conduct breached specific contractual obligations between them and the Plaintiffs.  DeHart, 2011 WL 3651270, at *7 (finding that the plaintiffs had failed to state a claim where they failed to point to a specific provision in the contract that was breached); GKE Ent., LLC v. Ford Motor Credit Co., No. 09-4656, 2010 WL 2179094, at *3 (D.N.J. May 26, 2010)(dismissing breach of contract claim where the "Complaint neither alleges which provision of the contract Defendant breached, nor how Defendant breached it.").

---

[2]   The parties all cite to New Jersey law as the law governing this case. Because the parties do not dispute the applicability of New Jersey law, this Court will apply it.  Flaherty-Wiebel v. Morris, Downing & Sherred, 384 F. App'x 173, 176-77 (3d Cir. 2010)(applying New Jersey law in a diversity action where the parties agreed that New Jersey law applied).

While Paylogix is alleged to have blocked access to an on-line reporting portal and transferred members to Defendant NABSA without notice or explanation, Plaintiffs fail to offer any detail as to the nature of Paylogix's obligation to maintain the site at the time it was blocked, any obligation it had not to "transfer" members, or any obligation it had to provide notice or explanation of its actions to Plaintiffs.  And while Claims & Benefit is alleged to have been a beneficiary of the transfer, Plaintiffs make no claim in the Amended Complaint that it breached any contractual obligation.  The lone contractual obligation of Claims & Benefit identified by Plaintiff, which was not alleged to have been breached, was to obtain limited medical benefit programs for National Alliance members.

Because Plaintiffs have failed to plausibly allege, with respect to each Defendant, a required element of a breach of contract claim, Plaintiffs' breach of contract claim is dismissed.

B.  Conversion

"Under New Jersey law, the tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." Wiatt v. Winston & Strawn, LLP, No. 10-6608, 2011 WL 2559567, at *15 (D.N.J. June 27, 2011).  "[C]onversion applies only to interference with tangible property."  United Ass'n v. Schmidt,

2011 WL 766057, at *9 (D.N.J. Feb. 24, 2011). "When money . . . is the subject of a conversion claim, New Jersey courts require that a plaintiff . . . show that the money in question was identifiably the plaintiff's property or that the defendant was obligated to segregate such money for the plaintiff's benefit. Scholes Elec. & Comm., Inc. v. Fraser, No. 04-3898, 2006 WL 1644920, at *5 (D.N.J. June 14, 2006).

To the extent Plaintiffs' conversion claim relates to intangible property - the transfer of electronic data and the National Alliance "membership" - it must be dismissed. O'Brien Oil Pollution Serv., Inc. v. Kapoor, No. 06-CV-2945, 2009 WL 2407399, at *2 (D.N.J. Aug. 4, 2009)("Importantly, however, the tort of conversion may be applied only to interference with tangible property, and courts have consistently held that intangible property cannot be the subject of such a claim. Here, Plaintiff argues that Defendants wrongfully retained and used OOPS's 'confidential / proprietary business information' without consent. Because confidential and proprietary business information is not tangible property, however, Plaintiff's claim is not viable."); Slim CD, Inc. v. Heartland Payment Systems, Inc., No. 06-2256, 2007 WL 2459349, at *12 (D.N.J. Aug. 24, 2007)(finding that customer data transmitted by computer was intangible property, incapable of satisfying the tangible property requirement of the tort of conversion).

To the extent Plaintiffs' conversion claim relates to Defendants retaining the revenue stream from any member payments post-transfer, this is a claim for conversion of money.  And Plaintiffs have failed to demonstrate that the member accounts, and any accompanying revenue stream, was identifiably their property and belonged to them.  <u>Comms. Programming, Inc. v. Summit Mfg., Inc.</u>, No. Civ. A. 98-253, 1998 WL 329265, at *5 (D.N.J. June 16, 1998)(holding that plaintiff could not establish conversion where it failed to establish that commissions at issue belonged to it); <u>United Ass'n</u>, 2011 WL 766057, at *9 ("The Complaint fails to state a cause of action for conversion because the Complaint fails to allege that the assets Schmidt received actually belonged to HCW.").

Because Plaintiffs have failed to plausibly allege the conversion of tangible property, or monetary property that identifiably belonged to them, their conversion claim is dismissed.

    C.    Unjust Enrichment

To state a claim for unjust enrichment under New Jersey law, the Plaintiffs must establish that: (i) the Defendants received a benefit; (ii) at Plaintiffs' expense; (iii) that retention of that benefit without payment would be unjust; (iv) that the Plaintiffs expected remuneration from the Defendants at the time they performed or conferred a benefit on Defendants;

and (v) that the failure of remuneration enriched Defendants beyond their contractual rights.  Slack v. Suburban Propane Partners, L.P., No. 10-2548, 2010 WL 5392845, at *9 (D.N.J. Dec. 22, 2010); Maniscalco v. Brother Intern. Corp., 627 F. Supp. 2d 494, 506 (D.N.J. 2009).

Plaintiffs allege that Defendants have been unjustly enriched in two respects: (1) by their receipt of the 7,500 former National Alliance members; and (2) because Plaintiffs were forced to pay refund claims when Defendants would not honor refund claims.  With respect to both claims, Plaintiffs were required, and failed, to allege that they expected remuneration from the Defendants when the membership transfer occurred and when Plaintiffs paid the refund claims.  UltraFlex Systems, Inc. v. Verseidag-Indutex GmbH, No. Civ.A. 01-129, 2006 WL 1098181, at *13 (D.N.J. Mar. 30, 2006)(dismissing unjust enrichment claim, for failure to state a claim, where plaintiff had "not alleged that it performed or otherwise conferred a benefit on [Defendant] . . . with the expectation of remuneration").  Accordingly, Plaintiffs' unjust enrichment claim is dismissed.

IV. Conclusion

For all the foregoing reasons, Plaintiffs' Amended Complaint is DISMISSED without prejudice.  While Plaintiff has already had one opportunity to amend, in light of the liberal amendment standard, Plaintiff will be given "one final

opportunity" to further amend.  <u>Resnik v. Boskin</u>, No. 09-5059, 2011 WL 689617, at *9 (D.N.J. Feb. 17, 2011); <u>Fennell v. Alie</u>, 2009 WL 2984200, at *2 (D.Del. Sept. 16, 2009)(affording plaintiff a "final opportunity" to amend where he had already amended once and the court could not say that amendment would be futile).  Plaintiff may have 30 days to do so.

Dated: <u>December 1, 2011</u>    <u>s/Renée Marie Bumb</u>
                                 RENÉE MARIE BUMB
                                 United States District Judge